FILED
SUPERIOR COURT
OF GUAM

2018 MAY -3 PM 2: 54

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOSEPH D. GUEVARA, SR., | Superior Court Case No. <u>CV0214-18</u> |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| | **re** |
| THOMAS M. BABAUTA, | **MOTION TO STRIKE UNTIMELY** |
| | **ANSWER AND COUNTERCLAIM** |
| Defendant. | |

The Court here considers Plaintiff Joseph D. Guevara, Sr.'s Motion to Strike Untimely Answer and Counterclaim. Finding that Defendant Thomas M. Babauta's untimely Answer does not prevail over the public policy to hear cases on their merits, the Court DENIES the Motion.

## I.  PROCEDURAL BACKGROUND

On February 26, 2018, Guevara filed a Verified Complaint against Babauta, seeking relief over an alleged breach of contract, fraud in the inducement, actual fraud, and oppressive conduct. On March 2, 2018, ASAP Process Servers filed a Declaration of Service indicating service of the "Alias Summons, Verified Complaint," on Babauta on February 28, 2018.

Twenty-six days later, on March 26, 2018, Babauta filed an Answer and Counterclaim. On the following day, citing GRCP 12(b)(6), Guevara moved to strike the Answer and Counterclaim on the basis of untimeliness. Babauta opposes and claims that he did not receive service until March 6, 2018, that no default has been entered, and that excusable neglect exists.

## II.  LAW AND DISCUSSION

Rule 12(a) requires that a party answer a Complaint within 20 days of service of the

ORIGINAL

Summons and Complaint. Technically, Babauta did not meet this deadline.

Nonetheless, in Guam, public policy favors the disposition of cases on their merits. *Lujan v. McCreadie*, 2014 Guam 19 ¶ 21. In *Lujan*, the Guam Supreme Court found that a party's three-day delay in prosecuting a case did not warrant a dismissal. "Ideally, all cases should find a resolution based on the merits. . . . To deny Lujan an opportunity to resolve this case on the merits because of a three-day delay in prosecution would be clearly unjust." *Id.* ¶ 22. In this case, Babauta filed his Answer and Counterclaim just six days after the deadline. As in *Lujan*, a mere six-day delay does not amount to precluding Babauta from litigating Guevara's claim and Babauta's counterclaims on their merits.

Nor is default rendered automatic by Babauta's untimely filing. Under Rule 55, the clerk shall enter a party's default if a party has failed to plead or otherwise defend. Based upon the plain language of the rule, until the clerk enters default, a defendant's failure to timely plead bears no legal consequence. Moreover, once a party has filed a responsive pleading, that party has, in fact, appeared to defend himself, and default can no longer be entered. The Court notes that even if the clerk entered default, the Guam Supreme Court again declares that default judgment, which usually succeeds an entry of default, "is considered to be a drastic measure, only appropriate in extreme circumstances because, whenever possible, cases should be decided on their merits." *Midsea Indus., Inc. v. HK Eng'g, Ltd.*, 1998 Guam 14. The Court does not find the present scenario to be an "extreme circumstance" mandating a resolution of this case through default and default judgment.

To be clear, the Court will enforce deadlines established under Guam law and court rules. However, based on the above-discussed public policy and plain language of the governing rules, no mechanism exists to estop this matter from being heard on the merits, despite slightly late



filings.

## III.  CONCLUSION AND ORDER

A six-day delay in answering a Complaint does not mandate the striking of the Answer.

Thus, Guevara's Motion is DENIED.  Any response to the Counterclaim shall be filed as

directed under Rule 12(a).


SO ORDERED this 3d day of May 2018.


_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT P...

I ............ that a co.. y of the
original h.... o was p..... in the
court..oy..

M. Williams
.................

5/3/18

Deputy C........ ... Court of ...

ORIGINAL